UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| SANDRA B. GUTHRIE, ) | |
|     Plaintiff ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| v. ) | Case No. 1:11cv00061 |
| ) | |
| CYNTHIA L. McCLASKEY, et al., ) | |
|     Defendants ) | |

This case is before the court on the Defendants' Motion to Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6), (Docket Item No. 30) ("Motion"). The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

### I.  Facts & Procedural History

The Second Amended Complaint is the plaintiff's third attempt to plead her § 1983 claim. The court previously has granted the defendants' motions to dismiss the plaintiff's Complaint and Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Each time the court has granted leave for the plaintiff to amend.

The Second Amended Complaint alleges that the plaintiff, Sandra B. Guthrie, was wrongfully terminated from her job as an occupational therapist for the Commonwealth of Virginia Department of Behavioral Health and Development Services, working at Southwest Virginia Mental Health Institute,

-1-

("SWVMHI"). Guthrie sues defendants, Cynthia L. McClaskey, SWVMHI's director, and Russ McGrady, SWVMHI's clinical director. Guthrie alleges that she had a property interest in continued state employment and that her termination by McClaskey and McGrady violated her property rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. Guthrie also alleges that McClaskey and McGrady filed reports with the Department of Health Professionals falsely accusing Guthrie of fraudulently billing for medical services. Guthrie alleges that these false statements "could result in plaintiff's [occupational therapist] license being suspended or revoked, which would severely limit or preclude plaintiff from practicing in her chosen profession for the rest of her life." Guthrie alleges these acts violate her liberty interest in her chosen profession and reputation under the Fifth and Fourteenth Amendments.

In the Second Amended Complaint, Guthrie alleges, "[t]hese actions … could not have been addressed through the state's grievance process, which does not have jurisdiction to hear grievances concerning charges filed against an employee's license with the Department of Health Professions." Guthrie further alleges that, regarding her termination, "[a]ny possible hearing under the state grievance procedure would not have been meaningful, given plaintiff had never been accurately advised of any basis for her termination until she was contacted by the Investigator for the Department of Health Professions, in addition to the fact the state grievance procedure would have been without jurisdiction."

The defendants have attached three exhibits -- Exhibits A, B and C -- to their Motion related to Guthrie's utilization of the state grievance procedure. Exhibit A is an Access and Qualification Ruling of the Director of the Virginia Department of Employment Dispute Resolution, dated September 7, 2010. This Ruling deals

-2-

Case 1:11-cv-00061-MFU-PMS   Document 39   Filed 06/28/12   Page 2 of 13   Pageid#: 217

with whether a grievance filed by Guthrie on May 18, 2010, with the Department of Behavioral Health and Development Services qualified for a hearing. The Director found that Guthrie had access to the grievance procedure and that her grievance qualified for a hearing. The grievance at issue revolved around whether she was terminated or resigned from her job – the same facts giving rise to the case at bar.

Exhibit B is a Compliance Ruling of the Director, noting that Guthrie, through counsel, had asked the Director to remove the hearing officer assigned to her grievance. This Ruling noted that the basis of the request was the hearing officer's alleged inappropriate action in another case in which Guthrie's counsel was involved. Specifically, counsel alleged that the hearing officer engaged in inappropriate ex parte communications with an agency representative in a prior case and, therefore, his actions created at least an appearance of bias or impropriety in the present case. Further, Guthrie's counsel alleged that the hearing officer's prior "appearance of being somewhat annoyed" at counsel in the prior case made it likely that Guthrie, in the present case, would not receive a fair or impartial hearing from this particular hearing officer. The hearing officer had refused to recuse himself. The Director denied Guthrie's request for appointment of a new hearing officer.

Lastly, Exhibit C is a Notice of Dismissal from the Department of Employment Dispute Resolution Division of Hearings, signed by the hearing officer, Thomas J. McCarthy, Jr., and dated January 11, 2011. This Notice stated that Guthrie's counsel had informed McCarthy that Guthrie did not wish to pursue her grievance, but would instead be pursuing other legal remedies. Exhibit C also contains the January 11, 2011, letter from counsel, which states, in relevant part as

follows: "Ms. Guthrie finds it necessary to withdraw her grievance and to pursue her action in federal court. … [the hearing officer] has made it clear in each of the hearings over which he has presided where I have represented the grievant that he has been unable to be unbiased and, therefore, to render a fair and impartial decision. … I regret that in this case grievant was not able to exercise her rights under the grievance procedure."

## II. *Analysis*

In her Second Amended Complaint, Guthrie attempts to assert a claim under 42 U.S.C. § 1983, which imposes civil liability on any person acting under color of state law who deprives another person of rights and privileges secured by the Constitution and laws of the United States. Although contained in one count, the Second Amended Complaint essentially raises two substantive legal challenges to Guthrie's termination and its aftermath. The Second Amended Complaint alleges deprivation of Guthrie's property interest in her continuing state employment and her liberty interest in practicing her chosen profession in violation of the Due Process Clause of the Fourteenth Amendment.

The defendants argue that the plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In particular, the defendants argue that the Second Amended Complaint fails to state a claim for deprivation of Guthrie's due process rights under the Fourteenth Amendment. The Fourteenth Amendment to the United States Constitution provides that no state "shall … deprive any person of life, liberty or property, without due process of law." U.S. CONST. amend. XIV. The Due Process Clause has both substantive and procedural components. "The touchstone of due process

-4-

Case 1:11-cv-00061-MFU-PMS   Document 39   Filed 06/28/12   Page 4 of 13   Pageid#: 219

is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (citing *Dent v. West Virginia*, 129 U.S. 114, 123 (1889)). Procedural due process requires the government to provide certain procedural protections whenever it deprives a person of her property interests. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576-578 (1972). Procedural due process is a "guarantee of fair procedures – typically notice and an opportunity to be heard." *Wolf v. Fauquier County Bd. of Supervisors*, 555 F.3d 311, 323 (4th Cir. 2009) (quoting *Mora v. City of Gaithersburg*, 519 F.3d 216, 230 (4th Cir. 2008) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Goss v. Lopez*, 419 U.S. 565, 579 (1975)). "We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Henderson v. Simms*, 223 F.3d 267, 274 (4th Cir. 2000) (quoting *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Substantive due process requires a showing of not only a deprivation of a property interest, but also that the action causing the deprivation "falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Plyler v. Moore*, 100 F.3d 365, 374 (4th Cir. 1996) (quoting *Sylvia Dev. Co. v. Calvert County, Md.*, 48 F.3d 810, 827 (4th Cir. 1995)). "Only abuse of power which 'shocks the conscience' creates a substantive due process violation." *Wolf*, 555 F.3d at 323 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atl. Corp. v. Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility standard" in which the pleadings must allege enough to make it clear that relief is not merely conceivable but plausible. *See Twombly*, 550 U.S. at 555-63.

The Court further explained the *Twombly* standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. … Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. …
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(Internal citations omitted).

Thus, for the purpose of ruling on the Motion, this court will assume that all well-pleaded factual allegations contained in the plaintiff's Second Amended Complaint are true. Applying this standard to the Second Amended Complaint, the court again finds that it fails to adequately state a claim for relief for deprivation of

-6-

Guthrie's liberty interest in practicing her chosen profession. The Second Amended Complaint does not allege that Guthrie's state license has been adversely affected, that she has lost the ability to pursue a career in occupational therapy or that she has been unable to obtain work in her chosen field. Instead, the Second Amended Complaint contains conjecture or speculation of what "could," but has not yet happened. That being the case, it is insufficient.

Guthrie also alleges that the defendant's actions deprived her of her property interest in continuing state employment. The defendants concede, for purposes of the Motion, that Guthrie has adequately alleged a property right in her continued state employment. Guthrie also has alleged that she was terminated from this employment. Thus, she has adequately alleged a deprivation of this property right. The issue, however, is whether Guthrie has adequately alleged that this deprivation occurred without due process. For the reasons that follow, I find that Guthrie has adequately pleaded that she was not provided constitutionally adequate procedural protections.

The defendants argue that the exhibits attached to their Motion may be considered by the court in resolving the Motion without converting it to a motion for summary judgment. For the following reasons, I find that the court may consider Exhibits A and B, but not Exhibit C. First, the defendants argue that all of these exhibits may be considered because when a document is attached to a motion to dismiss, "a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). I am not persuaded by this argument. In

particular, the courts have made clear that the document at issue must be *explicitly* relied upon. That is not the case here. In fact, Guthrie makes no mention of ever attempting to take advantage of the state grievance procedure. In regard to her procedural due process claim, she states as follows in her Second Amended Complaint: "She was terminated without the possibility for a due process hearing regarding the alleged basis for her termination, as she was not advised of defendants' McClaskey and McGrady's actions against her until after McClaskey filed her written charge against plaintiff. … Any possible hearing under the state grievance procedure would not have been meaningful, given plaintiff had never been accurately advised of any basis for her termination until she was contacted by the Investigator for the Department of Health Professions, in addition to the fact the state grievance procedure would have been without jurisdiction."

The defendants also argue that the exhibits may be considered without converting to a motion for summary judgment because they are public records of which the court may take judicial notice. I agree with the defendants, but only insofar as Exhibits A and B may be considered on this ground. It is clear that the Fourth Circuit has held that public records may be considered in deciding a motion to dismiss without converting the motion to one for summary judgment. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)) (a federal court may consider matters of public record such as documents from a prior state court proceeding in conjunction with Rule 12(b)(6)); *In re PEC Solutions, Inc. Secs. Litig.*, 418 F.3d 379, 389 n.7 (4th Cir. 2005); *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 655 n.4 (4th Cir. 2004) (court may take judicial notice of published stock prices without converting a motion to dismiss into a motion for summary judgment); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (allowing voting-age population statistics to be

considered in a motion to dismiss because they were publicly available on the official redistricting website of the Virginia Division of Legislative Services).

Here, a simple search of the Virginia Department of Employee Dispute Resolution's public website, produced both of the Rulings contained in Exhibits A and B. A search did not, however, produce the Notice of Dismissal or the letter from Guthrie's counsel contained in Exhibit C. That being the case, I find that the court may consider Exhibits A and B without converting the Motion to one for summary judgment, but it may not consider Exhibit C without the appropriate conversion. Having considered these exhibits, however, I find they contain little, if any, relevant information on the issue of whether Guthrie has adequately pleaded her claim for deprivation of her property interest in her continued state employment.

In particular, as stated above, in order to make a claim for a violation of procedural due process, a plaintiff must show that the procedures available to review the property deprivation were constitutionally inadequate. Exhibits A and B clearly demonstrate that the state employee grievance procedure was available to Guthrie. Guthrie's Second Amended Complaint, however, does not allege that the state grievance procedure was not available to her. Instead, Guthrie alleges any grievance procedure would not have been meaningful because she was never notified of the reason for her termination.

In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 544-46 (1985), the Supreme Court held that, absent some exigent circumstances requiring quick action, a public employee dismissable only for cause was entitled to notice of the reason for dismissal, an explanation of the employer's evidence and an opportunity

-9-

for the employee to respond prior to termination. While the pretermination opportunity to respond need not be formal, elaborate or designed to resolve the dispute, *see Buschi v. Kirven*, 775 F.2d 1240, 1255 (4th Cir. 1985), the Court reasoned that this required pretermination process would serve as "an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Loudermill*, 470 U.S. at 545-46.

Guthrie's Second Amended Complaint alleges that she was terminated for cause but that she was never informed of the cause of her termination. In fact, Guthrie alleges that she did not learn of the charges against her until she was contacted by an investigator for the Department of Health Professionals more than five months after her termination. An employee who is not given notice of the reasons for termination cannot make any meaningful response. Furthermore, Exhibits A and B support, rather than contradict, Gurthrie's claim that she was never advised that she was being terminated for cause. Instead, these documents show that the grievance process was concerned only with the issue of whether Guthrie had resigned from her employment. Based on these allegations, Guthrie has adequately pleaded a cause of action for violation of her procedural due process rights with regard to the deprivation of her property interest in her continued state employment.

Having found that Guthrie has adequately pleaded a cause of action for violation of her due process rights, the court must next consider whether the defendants have qualified immunity from liability. "[G]overnment officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that 'their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known.'" *Waterman v. Batton*, 393 F.3d 471, 476 (4th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As stated above, the Supreme Court specifically ruled in 1985 that due process requires that a public employee dismissable only for cause was entitled to notice of the reason for dismissal, an explanation of the employer's evidence and an opportunity for the employee to respond prior to termination. *See Loudermill*, 470 U.S. at 544-46. Thus, Guthrie's rights to pretermination notice and an opportunity to respond were clearly established on April 30, 2010. That being the case, reasonable officials should have known that to terminate Guthrie for cause without pretermination notice or an opportunity to respond would violate those rights. It remains to be seen whether the evidence will support Guthrie's allegations that the defendants violated her due process rights by terminating her for cause without giving her any pretermination notice of the reason for the dismissal or opportunity to respond. The facts as alleged, however, are sufficient at this stage to overcome the claim of qualified immunity as a matter of law.

It is for all of these reasons that I recommend that the Motion to Dismiss Guthrie's procedural due process claim be denied.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1.  Guthrie has not alleged that her state license has been adversely affected, that she has lost the ability to pursue a career in occupational therapy or that she has been unable to obtain work in her chosen filed;

2.  The Second Amended Complaint fails to adequately state a claim for relief for procedural due process violation for deprivation of Guthrie's liberty interest in practicing her chosen profession;

3.  Guthrie has adequately alleged a property right in her continued state employment;

4.  Guthrie has adequately alleged a deprivation of this property right;

5.  Exhibits A and B, attached to the defendants' Motion, are public records which may be considered by the court without converting the Motion to a motion for summary judgment;

6.  Guthrie has sufficiently alleged that the deprivation of her property right in continued state employment occurred without due process;

7.  Guthrie's right to pretermination notice and opportunity to be heard was clearly established on April 30, 2010;

8.  If, as alleged, Guthrie was terminated for cause on April 30, 2010, without pretermination notice and opportunity to be heard, reasonable officials in the defendants' positions should have known that their actions violated Guthrie's due process rights; and

9.  The defendants are not entitled to qualified immunity as a matter of law based on allegations before the court at this stage.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the Motion in part and deny the Motion in part and dismiss the plaintiff's claim only insofar as it raises a claim that the defendants deprived her of her liberty interest in practicing her chosen profession without due process.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: This 28th day of June, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE