IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| SANDRA B. GUTHRIE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:11cv00061 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| CYNTHIA L. MCCLASKEY, et al., | ) United States District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on defendants' motion to dismiss plaintiff's second amended complaint (Dkt. # 30). The motion was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition of the motion. On June 28, 2012, the Magistrate Judge issued a Report and Recommendation recommending that defendants' motion be denied.[1]

The court has reviewed the Report and Recommendation, defendants' objections thereto and plaintiff's response. For the reasons set forth below, the Report and Recommendation will be adopted in part and rejected in part, and this case will be dismissed with prejudice.

**I.**

This is plaintiff's third attempt to properly plead her claim. This action stems from plaintiff's alleged termination from her employment with the Southwest Virginia Mental Health Institute, where she worked as an occupational therapist from April 2005 through April 30, 2010. Plaintiff alleges that on Friday, April 30, 2010, defendant McGrady insisted she come to a meeting in spite of the fact that she was sick and needed to go home. Plaintiff claims that during

---

[1] The court notes that this motion to dismiss was deemed to be unopposed, given plaintiff's failure to file a timely response to the motion. (See Dkt. # 37.)

the meeting, she began crying and stated she needed to take leave for the remainder of the afternoon. She signed a leave slip, took her work keys with her, and left at approximately 1:00 p.m. Plaintiff claims that she did not resign her employment and was under the impression when she left that day that she was taking earned leave and would be returning to work the following Monday. Plaintiff asserts that she was "terminated without the possibility for a due process hearing regarding the alleged basis for her termination, as she was not advised of defendants' McClaskey and McGrady's actions against her until after McClaskey filed her written charge against plaintiff." Second Am. Compl., Dkt. # 29, at ¶ 21. Plaintiff further claims that McClaskey and McGrady "deliberately and maliciously" accused plaintiff of fraudulently billing for medical services rendered to patients by filing written reports with the Department of Health Professions. Id. at ¶¶ 15-16. She brings this action under 42 U.S.C. § 1983, alleging violations of her due process rights under the Fifth and Fourteenth Amendments to the Constitution.[2]

## II.

Defendants have moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When reviewing a claim under Rule 12(b)(6), the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 244. A valid complaint cannot rest on legal conclusions alone. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct.

---

[2] Plaintiff alleges in the first paragraph of her second amended complaint that this claim arises out of the First, Fifth and Fourteenth Amendments to the Constitution; however, plaintiff raises no allegations whatsoever to support a First Amendment claim.

2

1937, 1950 (2009). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**III.**

Plaintiff's second amended complaint alleges a deprivation of her property interest in continuing state employment and a deprivation of her liberty interest in practicing her chosen profession. In her Report and Recommendation, the Magistrate Judge found that plaintiff failed to state a claim for relief for deprivation of her liberty interest in practicing her chosen profession. The Magistrate Judge correctly noted that the second amended complaint does not allege that plaintiff's state license has been affected adversely by any action taken by defendants. Rather, plaintiff merely speculates that she *could* lose her state license, precluding her ability to work in her chosen field. See Second Am. Compl., Dkt. # 29, at 17. These allegations are insufficient under Iqbal and Twombly. To this extent, the Report and Recommendation is adopted.

**IV.**

Defendants concede for purposes of the motion to dismiss that plaintiff has established a property interest in continued state employment and that she was deprived of that property interest by some form of state action.[3] See Defs.' Br., Dkt. # 31, at 16-17. The issue, then, is whether plaintiff was deprived of her property interest without due process. In her Report and

---

[3] Defendants appear to concede a deprivation occurred for purposes of this argument, and the Magistrate Judge found that by alleging she was terminated from her employment, plaintiff adequately alleged a deprivation of her property right. Report & Recommendation, Dkt. # 39, at 7. The court notes, however, that in her second amended complaint, plaintiff makes conclusory allegations that she was terminated but asserts no factual allegations as to what action or event led plaintiff to believe that she had been terminated from her employment. She asserts only that she left at 1:00 p.m. on April 30, 2010, that she assumed she would return to work the following Monday, and that she was terminated. The question of whether plaintiff indeed was terminated, or whether she resigned from her employment, lies at the heart of this dispute and, as noted infra in footnote 7, remains unanswered.

3

Recommendation, the Magistrate Judge held that plaintiff sufficiently stated a procedural due process claim. The court disagrees.

A.

Defendants offer three exhibits to support their contention that plaintiff was provided adequate procedural due process protections. Exhibit A is a ruling from the Commonwealth of Virginia Department of Employment Dispute Resolution dated September 7, 2010, which states that plaintiff's dispute with the Department of Behavioral Health and Development Services qualifies for a hearing. Dkt. # 31-1. Exhibit B is a Compliance Ruling from the Department of Employment Dispute Resolution dated December 21, 2010, denying plaintiff's request that the assigned hearing officer recuse himself from her case. Dkt. # 31-2. The Magistrate Judge considered these two exhibits in her report because she determined that they are public records that can be considered by the court without converting the motion to dismiss into a motion for summary judgment. The court agrees. See Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (a court may consider public records in ruling on a 12(b)(6) motion without converting it to a motion for summary judgment (citing Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994)), reh'g denied, 598 F.3d 167 (4th Cir. 2010), cert. denied 130 S. Ct. 3318 (2010); Norfolk Fed'n of Bus. Dists. v. City of Norfolk, 103 F.3d 119 (4th Cir. 1996) (unpublished table opinion) (same).

Exhibit C is a Notice of Dismissal dated January 14, 2011 from the Department of Employment Dispute Resolution Division of Hearings, along with an attached letter from plaintiff's counsel dated January 11, 2011, which indicates plaintiff's grievance was being dismissed because she had decided to pursue other legal remedies instead of proceeding with a grievance hearing. Dkt. # 31-3. The Magistrate Judge did not consider this exhibit in her report,

4

finding it was neither explicitly relied upon in plaintiff's second amended complaint nor a public record. The Magistrate Judge made the latter determination based on the fact that this document was not available online through a "simple search of the Virginia Department of Employee Dispute Resolution's public website." Report & Recommendation, Dkt. # 39, at 9.

The fact that a document may or may not be available online, however, is not determinative of whether it is a public record. Courts have not explicitly defined what constitutes a public record for 12(b)(6) purposes,[4] but some have determined "criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of administrative bodies" to be public records that properly can be considered on a motion to dismiss. Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1197 (3d Cir. 1993); see also Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) (district court properly considered public court documents in deciding motion to dismiss). The district court in Smith v. Washington Suburban Sanitary Commission, No. DKC 12-0316, 2012 WL 4863399, at *4 n.4 (D. Md. Oct. 11, 2012), for example, took judicial notice of a decision from the Office of Administrative Hearings, the administrative body to which plaintiff by statute could appeal her termination from the Commission. The OAH decision upholding

---

[4] The Federal Rules of Evidence provide some guidance as to what types of documents fall into the category of "public records." The public records exception the hearsay rule defines a public record as:

> A record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B) neither the source of information nor other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8). As the advisory committee notes indicate, "[j]ustification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Advisory Committee Notes to Paragraph (8) of Rule 803. Indeed, "[c]ases illustrating the admissibility of records of the office's or agency's own activities are numerous." Id. Exhibit C, which documents the Department of Employment Dispute Resolution's activities with respect to plaintiff's pending grievance, arguably falls within the public record exception to the hearsay rule pursuant to Rule 803(8). There do not appear to be any circumstances indicating a lack of trustworthiness with the document.

5

plaintiff's termination was attached to defendant's motion to dismiss, and the court held it could be considered at the 12(b)(6) stage because it was a matter of public record. In Evans v. New York Botanical Garden, No. 02 Civ. 3591 RWS, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002), the court considered (a) two complaints of discrimination filed with the New York State Division of Human Rights, (b) the New York State Division of Human Rights' Notice of Conference and Production of Records, and (c) the New York State Department of Human Rights' Determination and Order After Investigation, in resolving a motion to dismiss. The court held these exhibits "constitute the public records of an administrative body, of which this Court may take judicial notice without converting the motion into one for summary judgment." Id. Likewise, in Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Federal Savings & Loan Association v. Solimino, 501 U.S. 104 (1991), the Ninth Circuit held that the district court properly considered state administrative records from the California Unemployment Insurance Appeals Board attached to defendant's motion to dismiss without converting the motion to one for summary judgment. The court found these reports of an administrative body to be matters of public record of which the court could take judicial notice. Id. Additionally, when faced with questions of administrative exhaustion, courts have taken judicial notice of plaintiffs' grievance filings for purposes of deciding motions to dismiss. Stevenson v. Haske, No. 1:09cv31, 2009 WL 5219728, at *3 (W.D. Mich. Dec. 31, 2009) ("This court may take judicial notice of plaintiff's grievance filings in this state agency proceeding for purposes of deciding a motion to dismiss."); see also Polnitz v. Peoria Cty., No. 08-1035, 2009 WL 311157, at *2 (C.D. Ill. Feb. 4, 2009); Bradfield v. Corr. Med. Servs., No. 2008 WL 5685586, at *5 (W.D. Mich. July 3, 2008); Holton v. Wisconsin, No. 07-C-0402, 2008 WL 1777226, at *1 (E.D. Wisc. Apr. 16, 2008).

6

Here we are dealing with administrative records concerning the grievance filed by plaintiff against her employer. Exhibit C is a document with "Commonwealth of Virginia Department of Employment Dispute Resolution" and the seal of Virginia as its header. It is a "Notice of Dismissal" from the Division of Hearings concerning Case No. 9467 In re: Grievance of Sandra Blevins Guthrie v. Commonwealth of Virginia—SWVAMHRS. The document states as follows:

> Grievant filed a grievance regarding her wrongful discharge/involuntary resignation. When the parties failed to settle the matter at the third resolution step, the grievance was qualified for a hearing and the undersigned was appointed hearing officer for the case by letter dated November 12, 2010. The hearing was postponed due to the fact that the Counsel for Grievant appealed the appointment of the Hearing Officer, requiring the issuance of a ruling from the Department of Employment Dispute Resolution. Having been notified on January 11, 2011, by fax (copy attached) by the Counsel for Grievant that the Grievant did not wish to pursue her grievance and instead would be pursuing other legal remedies, this grievance is **DISMISSED** and is not subject to further appeal.

Dkt. # 31-3. It is signed by the hearing officer, Thomas J. McCarthy, Jr. This document serves as the Department of Employment Dispute Resolution's final decision with respect to plaintiff's grievance. This Notice of Dismissal includes as an attachment a "Copy of 1/11/11 Fax from Counsel for Grievant." The attached letter from counsel corroborates the Hearing Officer's statement that plaintiff voluntarily withdrew her grievance "to pursue her action in federal court," as a result of the decision to allow Mr. McCarthy to remain assigned to the case as hearing officer. See Dkt. # 31-3.

If Exhibits A and B, which are rulings from the Department of Employee Dispute Resolution concerning plaintiff's grievance against her employer, are public records that can be considered by the court on a motion to dismiss, and the court believes they can, then it must

7

follow that Exhibit C, the final disposition of plaintiff's grievance from the same administrative body, can be considered as well. As such, the court finds Exhibit C to be a public record of which the court can take judicial notice.

**B.**

Deprivation of a property interest is not in itself unconstitutional. Rather, it is the deprivation of such interest without due process of law that makes a constitutional violation actionable under § 1983. Zinermon v. Burch, 494 U.S. 113, 125-26 (1990). In a due process analysis, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." Id. at 126. A fundamental tenet of our society is that "some form of hearing is required before an individual is finally deprived of a property interest." Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

In support of her procedural due process claim, plaintiff alleges that:

> She was terminated without the possibility for a due process hearing regarding the alleged basis for her termination, as she was not advised of defendants' McClaskey and McGrady's actions against her until after McClaskey filed her written charge against plaintiff. This charge was not even received in the Enforcement Division of the Department of Health Professions until September 10, 2010. Any possible hearing under the state grievance procedure would not have been meaningful, given plaintiff had never been accurately advised of any basis for her termination until she was contacted by the Investigator for the Department of Health Professions, in addition to the fact the state grievance procedure would have been without justification.

Second Am. Compl., Dkt. # 29, at ¶ 21. Plaintiff's claim that she "was terminated without the possibility for a due process hearing regarding the alleged basis for her termination" is simply

not true.[5] Exhibits A, B, and C to defendants' motion to dismiss reveal that the state employee grievance procedure was available to plaintiff, that plaintiff took advantage of the procedure,[6] and that her dispute with her employer in fact did qualify for a formal hearing before a hearing officer.

As the Magistrate Judge correctly recognizes, plaintiff also alleges that any hearing would not have been meaningful because she was never notified of the reason for her termination.[7] Report & Recommendation, Dkt. # 39, at 9. But plaintiff's conjecture as to whether any hearing would have been meaningful cannot support a procedural due process claim, as she chose not to pursue her grievance through the hearing stage.[8] Dkt. # 31-3. "In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Indeed, "a plaintiff may not bypass a seemingly inadequate administrative process and then complain of that process's constitutional inadequacy in federal court." Ashley v. N.L.R.B., 255 F. App'x 707, 709 (4th Cir. 2007). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as means to get back what [s]he wants."

---

[5] To the extent plaintiff is alleging here that she was denied procedural due process stemming from any investigation the Department of Health Professions might have conducted into the reports of fraudulent patient billing, such a claim must fail. Plaintiff brings the instant complaint against her employer, not against the Department of Health Professions concerning any adverse action taken against her license to practice occupational therapy.

[6] Plaintiff does not raise any allegations of constitutional deficiencies with the grievance procedure available to her, other than asserting any hearing would not have been meaningful.

[7] The Magistrate Judge correctly notes that due process requires that a public employee dismissable only for cause receive notice and an opportunity to respond prior to termination. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). But the question of whether plaintiff was in fact terminated is the crux of her dispute with her employer and thus is a fundamental issue to be resolved through the grievance process. As stated in Exhibit A, "[t]he threshold question in this grievance is whether the grievant voluntarily resigned her employment, and if so, when the voluntary resignation took effect." Dkt. # 31-1, at 5. This question "will turn on the factual determinations," which are best resolved by a hearing officer who acts as fact finder. Id. Because plaintiff did not avail herself of the grievance hearing, however, the threshold question of whether she was terminated (and thus entitled to pre-termination notice), or whether she resigned, remains unanswered.

[8] The grievance procedure includes three resolution steps, followed by a formal hearing before a hearing officer. See Va. Code Ann. § 2.2-3003.

9

Alvin, 227 F.3d at 116. That is exactly the situation that presents itself in this case, and as such, plaintiff's procedural due process claim fails to state a claim for which relief can be granted. See Ashley, 255 F. App'x at 710 (plaintiffs' failure to avail themselves of their right to file an unfair labor practices charge means they failed to state a due process claim); see also Detweiler v. Com. of Va. Dep't of Rehabilitative Servs., 705 F.2d 557 (4th Cir. 1983) (Virginia grievance procedure satisfied plaintiff's right to due process). Simply because plaintiff did not like the process afforded her does not mean she can bypass it altogether.

## V.

Finally, plaintiff has failed to adequately state a substantive due process claim against defendants. "Unlike rights subject to procedural due process protection, which arise from sources other than the Constitution, substantive due process rights arise solely from the Constitution." Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1142 n.10 (4th Cir. 1990). In considering a substantive due process claim, courts must look as a threshold matter to whether the property interest being deprived is "fundamental" under the Constitution. "If it is, then substantive due process protects the plaintiff from arbitrary or irrational deprivation, regardless of the adequacy of procedures used. If the interest is not 'fundamental,' however, the governmental action is entirely outside the ambit of substantive process and will be upheld so long as the state satisfies the requirements of procedural due process." Nicholas v. Penn. State Univ., 227 F.3d 133, 142 (3d Cir. 2000). The majority of courts of appeals to have addressed this issue have held that tenured public employment is not a fundamental property interest entitled to substantive due process protection. Id.[9]

---

[9] See also Singleton v. Cecil, 176 F.3d 419, 425-26 (8th Cir. 1999) (en banc) ("a public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due process"); McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc) ("employment rights are not 'fundamental' rights created by the Constitution"); Local 342, Long Island Public Serv. Employees v. Town Bd. of

10

Even if a substantive due process claim was applicable under these circumstances, plaintiff's second amended complaint fails to meet the standard required to state such a claim. The applicable test for a substantive due process violation is whether the plaintiff has established a property or liberty interest, whether the state has deprived her of said interest, and whether the alleged conduct is "so egregious, so outrageous, that it may fairly be said to shock the conscience." Hawkins v. Freeman, 195 F.3d 732, 738 (4th Cir. 1999). The Due Process Clause of the Fourteenth Amendment was intended to prevent the government from "abusing [its] power, or employing it as an instrument of oppression." Collins v. Harker Heights, 503 U.S. 115, 126 (1992). As alleged in the second amended complaint, defendants' actions cannot be said to meet the high standard required to state a substantive due process claim.

## VI.

For these reasons, plaintiff has failed to state a claim for which relief can be granted under Rule 12(b)(6). As such, an Order will be entered adopting the Report and Recommendation in part, rejecting it in part, and dismissing this action with prejudice.[10]

---

Huntington, 31 F.3d 1191, 1196 (2d Cir. 1994) ("We do not think, however, that simple, state-law contractual rights, without more, are worthy of substantive due process protection."); Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339, 1350 (6th Cir. 1992) ("plaintiff's state-created right to tenured employment lacks substantive due process protection"); Huang, 902 F.2d at 1142 n.10 (professor's interest in position in university department "is essentially a state law contract right, not a fundamental interest embodied in the Constitution"); Lum v. Jensen, 876 F.2d 1385, 1389 (9th Cir. 1989) (finding "no clearly established constitutional right to substantive due process protection of continued public employment"); Kauth v. Hartford Ins. Co. of Ill., 852 F.2d 951, 958 (7th Cir. 1988) ("In cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest . . . the plaintiff has not stated a substantive due process claim."). But see Newman v. Massachusetts, 884 F.2d 19, 25 (1st Cir. 1989) ("school authorities who make an arbitrary and capricious decision significantly affecting a tenured teacher's employment status are liable for a substantive due process violation").

[10] Federal Rule of Civil Procedure 15(a)(2) states that leave to amend shall be freely given when justice so requires. As previously stated, this is plaintiff's third attempt to plead her claim. For the reasons set forth in this opinion, granting plaintiff leave to amend a fourth time would be futile. See Sciolino v. City of Newport News, 480 F.3d 642, 651 (4th Cir. 2007) ("[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would . . . [be] futile.").

11

Entered: November 9, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge